UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HOWAR DAVID RUBIO MONSALVE,[1]

Petitioner,

v. Case No. 3:26-cv-2688-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Howar David Rubio Monsalve, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on October 5, 2026. See generally Petition. Rubio Monsalve, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on April 13, 2024. Record of Deportable/Inadmissible Alien (Doc. 3-4) at 3. On September 24, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Id.; see also Detention History (Doc. 3-6) at 1. As relief, Rubio Monsalve

[1] It appears that Petitioner's first name is spelled incorrectly on the Court's docket. While the docket reflects that his first name is "Howard," Petitioner refers to himself as "Howar." See, e.g., Petition at 1, 12. Therefore, the Court will refer to Petitioner as "Howar David Rubio Monsalve" and direct the Clerk of Court to correct the style of the case to reflect the proper spelling of his name.

seeks, inter alia, a bond hearing or, alternatively, immediate release. Petition at 11.

Rubio Monsalve argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 9. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Rubio Monsalve, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Rubio Monsalve was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. The **Clerk** is directed to correct the style of the case to reflect the proper spelling of Rubio Monsalve's name: Howar David Rubio Monsalve.

2. Rubio Monsalve's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention

without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Rubio Monsalve an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[3] If Respondents release Rubio Monsalve, they shall provide him with access to a telephone to arrange transportation from the detention facility.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2] Because the Court finds that Rubio Monsalve is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Rubio Monsalve is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

lc36

c:
Counsel of Record
Pro se party